FILED
2012 Jul-05  AM 10:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION**

| | |
|---|---|
| **TRACY TERRELL, as Personal Representative and Administrator of the Estate of LEONARD BOBBY TERRELL, Deceased,** | ) )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| **v.** | ) **Civil Action No.:**_____<br>) |
| **DAMON MOTOR COACH CORP., et al.,** | )<br>)<br>) |
| **Defendants.** | )<br>) |

| | |
|---|---|
| **VIRGINIA STOVALL,** | )<br>) |
| **Plaintiff,** | )<br>) |
| **v.** | )<br>) |
| **DAMON MOTOR COACH CORP., et al.,** | )<br>)<br>) |
| **Defendants.** | )<br>) |

## DEFENDANTS' JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Thor Motor Coach, Inc.

("Thor")[1] and Generac Power Systems, Inc. ("Generac") (collectively, "Defendants")

hereby give timely notice of removal of these consolidated actions from the Circuit Court

of Marion County, Alabama, to the United States District Court for the Northern District

of Alabama, Jasper Division.  Said district court and division embrace the place were the

---

[1] Plaintiffs named Damon Motor Coach Corp. ("Damon") as a defendant in their respective Complaints.  In its Answers, Thor specified that Plaintiffs had incorrectly identified Damon Motor Coach Corp. as a defendant and that the proper defendant is Thor Motor Coach, Inc.

state court actions were filed.   28 U.S.C. § 1441(a).   In support of this Notice of Removal, Defendants state as follows:

<u>**BACKGROUND AND TIMELY NOTICE OF REMOVAL**</u>

1.      On August 5, 2011, Plaintiff Tracy Terrell ("Terrell"), as Personal Representative and Administrator of the Estate of Leonard Bobby Terrell, deceased, filed a Complaint in the Circuit Court of Marion County, Alabama, Civil Action No.: CV-2011-900053.  Terrell named as Defendants Frank Sanderson ("Sanderson"), Damon, and Generac.

2.      Terrell served Sanderson on August 11, 2011; Damon on August 12, 2011; and Generac on August 12, 2011.

3.      On August 8, 2011, Plaintiff Virginia Stovall ("Stovall") filed a Complaint in the Circuit Court of Marion County, Alabama, Civil Action No.: CV-2011-900054. Stovall also named as Defendants Sanderson, Damon, and Generac.

4.      Stovall served Sanderson on August 11, 2011; Damon on August 12, 2011, and Generac on August 12, 2011.

5.      On September 12, 2011, Thor timely filed its Answers to the two Complaints.

6.      On September 12, 2011, Generac timely filed its Answers to the two Complaints.

7.      On September 16, 2011, on the Defendants' motion the Circuit Court of Marion County, Alabama, entered an Order consolidating the two cases for discovery and pre-trial purposes only under the lowest case number, CV-2011-900053.

8.      On November 22, 2011, Defendant Thor served its Interrogatories to Plaintiffs.  Interrogatory No. 22 sought itemization of each Plaintiff's damages:

> 22.      Please identify and itemize all damages that you have allegedly incurred because of the accident that is the basis of this lawsuit, including, but not limited to, ambulance bills, medical bills, drug expenses, rehabilitation expenses, property losses and lost wages or income.

**Exhibit A**, Affidavit of Stephen L. Poer, at ¶ 3 (attaching Interrogatories as Ex. 1).

9.      On or about February 13, 2012, Plaintiff Stovall served her Answers to Interrogatories, including the following Answer to Interrogatory No. 22:

> 22.      I have substantial hearing loss from carbon monoxide; my hearing aids cost $3,272.00; also several hundred dollars in co-pays.  I continue to have hearing loss, headaches, fatigue, light sensitivity, reduced bladder control, problems with balance, writing and concentration.

*Id*. at ¶ 4 (attaching Plaintiff Stovall's Answers to Interrogatories as Ex. 2).

10.      On or about February 13, 2012, Plaintiff Terrell served his Answers to Interrogatories, including the following Answer to Interrogatory No. 22:

> 22.      No response necessary.  This is a wrongful death case.

*Id*. at ¶ 5 (attaching Plaintiff Terrell's Answers to Interrogatories as Ex. 3).

11.      Plaintiffs Virginia Stovall and Tracy Terrell, administrator of his father's estate, as well as Sanderson were deposed on March 26, 2012.

12.      On May 21, 2012, Defendant Frank Sanderson filed his Motion for Summary Judgment.

13.     On May 23, 2012, the Circuit Court of Marion County, Alabama, entered an Order setting a hearing on Sanderson's Motion for Summary Judgment on June 25, 2012.

14.     On May 24, 2012, Defendant Thor served its First Request for Admission to Plaintiffs Terrell and Stovall pursuant to Ala. R. Civ. P. 36.  This request included the following:

>   1.     Admit that the damages sought by Tracy Terrell as the Personal Representative and Administrator of the Estate of Leonard Bobby Terrell is in excess of seventy five thousand dollars ($75,000.00).
>
>   2.     Admit that the damages sought by Virginia Stovall is in excess of seventy five thousand dollars ($75,000.00).

*Id*. at ¶ 6 (attaching Defendant Thor's Notice of Service of First Requests for Admission to Plaintiffs Tracy Terrell and Virginia Stovall, Second Interrogatories to Plaintiffs Tracy Terrell and Virginia Stovall, and Second Request for Production to Plaintiffs Tracy Terrell and Virginia Stovall as Ex. 4).

15.     Plaintiffs did not oppose Sanderson's Motion for Summary Judgment.  On the morning of the hearing, Plaintiffs' counsel transmitted an email to counsel for Sanderson and counsel for Thor stating: "I hope you got the message that I am obviously not opposing the motion for summary judgment for Sanderson." *Id*. at ¶ 7 (attaching June 25, 2012, Email from Steve Heninger to Richard Fikes and Stephen L. Poer as Ex. 5).

16.     On June 25, 2012, the Circuit Court of Marion County, Alabama, entered an Order dismissing Plaintiffs' claims against Sanderson with prejudice, costs taxed as

paid.  The court further directed that final judgment be entered in favor of Sanderson pursuant to Ala. R. Civ. P. 54(b).

17.     Sanderson was the only defendant who was a citizen of Alabama.  Upon his dismissal, there was complete diversity of citizenship, as discussed further below.  Accordingly, because this notice of removal is filed within 30 days of June 25, 2012, it is timely pursuant to 28 U.S.C. § 1446(b).

18.     In accordance with 28 U.S.C. § 1446(a), a true, correct, and legible copy of all records and proceedings contained in the state court record, for both Civil Action No.: CV-2011-900053 and Civil Action No.: CV-2011-900054, is attached hereto as **Exhibit B** and **Exhibit C**, respectively.

19.     As of the time of the removal of these consolidated cases from the Circuit Court of Marion County, Alabama, where they were pending, neither Plaintiff Terrell nor Plaintiff Stovall had served responses to Thor's Request for Admission served on May 24, 2012.  Therefore, each of the requests is deemed admitted pursuant to Ala. R. Civ. P. 36(a) which states, in pertinent part: "The matter is admitted unless, within thirty (30) days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or the party's attorney[.]"[2]

---

[2] Fed. R. Civ. P. 36(a)(3) is similar: "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.  A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court."

## DIVERSITY OF CITIZENSHIP EXISTS

20.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. § 1441 because this is an action over which this Court would have original jurisdiction.  Specifically, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity of citizenship exists between Plaintiffs and Defendants, as more particularly shown hereafter.  28 U.S.C. §§ 1332 and 1441.

### The Plaintiffs

21.     In their Complaints, the Plaintiffs do not aver their citizenship.  In a wrongful death action, it is the citizenship of the decedent that determines the citizenship of the plaintiff.  28 U.S.C. §§ 1332(c)(2).  Leonard Bobby Terrell was a citizen of Alabama.

22.     Plaintiff Virginia Stovall is a citizen of Alabama.

### The Removing Defendants

23.     Defendant Generac is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in Waukesha, Wisconsin.  Therefore, Defendant Generac is a citizen of Wisconsin.  28 U.S.C. § 1332(c)(1).

24.     Defendant Thor is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Elkhart, Indiana.  Therefore, Defendant Thor is a citizen of Delaware and Indiana.  Thor is a successor in interest to Damon Corp., which did business under the name of Damon Motor Coach.  On January 1, 2011, all of the assets of Damon Corp. were transferred to Thor Motor Coach, Inc.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

25.    In addition to complete diversity of citizenship among the parties, this Court has jurisdiction and removal is proper pursuant to 28 U.S.C. § 1441 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

26.    Plaintiff Terrell asserts claims for the wrongful death of his decedent, Leonard Bobby Terrell, against Defendants Thor and Generac.  Terrell alleges:

- The decedent "died as a result of carbon monoxide poisoning caused by the generator and inadequate or dangerous venting system of the RV / motor coach made the basis of this suit."  Terrell Compl. at ¶ 3.

- Defendants "negligently caused or negligently allowed the generator, installation, hook-up, venting and incorporation of the generator described above to be manufactured, installed, connected to and made a part of the RV / motor coach made the basis of this suit, vented or not vented properly, sold and placed in the stream of commerce, in an unreasonably dangerous and defective manner and condition.."  *Id*. at ¶ 4.

- The "RV / motor home and the attached Generac generator described above were sold to Plaintiff's decedent in a defective and unreasonably dangerous condition in violation of the Alabama Extended Manufacturer's Liability Doctrine (AEMLD)[.]"  *Id*.

- Defendants "negligently caused or negligently allowed the RV / motor coach made the basis of this suit to be manufactured, sold or distributed without proper inspection, testing and evaluation to assure safe and proper installation in the event the attached generator was used."  *Id*. at ¶ 5.

- "The generator and its installation, attachment, venting or non-venting was unreasonably dangerous and it was foreseeable that occupants of the RV / motor coach while the generator was on would be injured or killed by the poisonous fumes or exhaust allowed into the occupied cabin of the vehicle.  As a proximate consequence thereof, Plaintiff's decedent died from carbon monoxide poisoning on August 9, 2010."  *Id*.

- "Defendants . . . negligently caused or negligently allowed the defective and unreasonably dangerous assembly, manufacture, attachment, installation, venting and incorporation of the generator described above into and as a part of the RV / motor coach[.]"  *Id*. at ¶ 6.

- "Defendant failed to properly manufacture, assemble, attach, install, vent and incorporate into the RV / motor coach, test and evaluate such component and the attachment."  *Id*.

- "The generator and RV / motor coach were so combined as to allow a dangerous exhaust or production of carbon monoxide into the occupied cabin of the RV / motor coach."  *Id*.

- "There was no warning device or system to monitor the presence and volume of carbon monoxide in the RV / motor coach made the basis of this suit.  As a proximate consequence thereof , Plaintiff's decedent died from carbon monoxide poisoning on August 9, 2010."  *Id*.

- Plaintiff's decedent died as a proximate consequence of Defendants' breach of implied warranties of fitness for intended use and merchantability.  *Id*. at ¶ 7.

8

- Plaintiff's decedent died as a proximate consequence of Defendants' negligence and failure to warn. *Id*. at ¶¶ 8-9.

27.     Plaintiff Stovall alleges that the same wrongdoing of Defendants as alleged in Terrell's Complaint caused her to be hospitalized and to suffer hearing loss as a result of carbon monoxide poisoning.  Stovall Compl. at ¶¶ 2-9.

28.     Where, as here, the Complaint does not specify the amount of damages Plaintiffs seek, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin N. Am. Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).  "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or *readily deducible* from them, the court has jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007) (emphasis added).  The district court is allowed to make "reasonable deductions, reasonable inferences, and other reasonable extrapolations," and may even exercise its "judicial experience and common sense" in determining that the jurisdictional amount has been established.  *See Roe*, 613 F.3d at 1061-62 (emphasis added).

29.     In establishing the jurisdictional amount, the court may consider affidavit testimony and other evidence submitted by the removing party.  *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) ("the substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard.  Defendants may introduce their own affidavits, declarations, or other documentation . . .").

30.    A court may consider a plaintiff's failure to respond to a request for admission in adjudging the amount in controversy requirement satisfied.  The Eleventh Circuit sanctioned this approach in *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945 (11th Cir. 2000).  The defendant removed the case to federal court.  The complaint did not specify the amount of damages.  *Id.* at 947.  The plaintiff moved to remand, arguing that the defendant had failed to prove that the amount in controversy exceeded the jurisdictional minimum.  *Id.*  After removal, the defendant sent plaintiff requests to admit that her claim was not worth more than $50,000.00 or $75,000.00, the jurisdictional minimums at the time of the removal notice and as adjusted by Congress during the pendency of the proceedings, respectively.  *Id.*  When the plaintiff failed to respond to the requests for admission, the defendant filed a motion to strike or deny plaintiff's motion to remand as moot.  *Id.*  In denying the plaintiff's motion to remand, the district court deemed the requests admitted.  *Id.*  ("With regard to the request for admissions, the court determined that because plaintiff failed to respond to the requests within the time required by Federal Rule of Civil Procedure 36, the requests are deemed admitted.")  On appeal, the Eleventh Circuit affirmed the decision of the district court and permitted the defendant to present additional evidence post-removal that the amount in controversy requirement was satisfied.  *Id.* at 949.

31.    In a post-*Lowery* decision, the United States District Court for the Middle District of Florida considered the importance of requests for admission in a case where, as here, the plaintiffs alleged that the defendants were liable for the wrongful death of his decedent, but did not specify the amount of damages in his complaint.  *Diaz v. Fountain Park Partners*, 2008 WL 4194861 at ** 2-3 (M.D. Fla. Sept. 12, 2008).  The defendants

removed the case to federal court, and plaintiff filed a motion to remand. *Id*. at * 1. The court reserved ruling on the amount in controversy and ordered the defendants to propound requests for admission to plaintiff on plaintiff's damage claim:

> To be sure, however, Defendants['] conclusory allegations, while clearly reasonable in a wrongful death action of this type, do not constitute evidence upon which the Court may conclude that the jurisdictional minimum of $75,000.00 has been satisfied in this case. [*Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001)]   However, requests for admission do.   Accordingly, the Court will reserve ruling on the amount of controversy in this case pending admissions by the Plaintiff as to the amount of damages incurred. Defendants will have five (5) days from the entry of this Order to propound requests for admission upon Plaintiff's counsel regarding damages in this case; Plaintiff's counsel will have five (5) days after receipt of the requests to propound the answers.   Alternatively, Plaintiff may immediately withdraw its Second Motion to Remand without leave to re-file.

*Diaz*, 2008 WL 4194861, at * 3.

32.    In this case, by contrast, Defendant Thor has already served requests for admission requesting that each Plaintiff admit that he or she, separately, seeks damages in excess of the $75,000.00 jurisdictional minimum.  Pursuant to the plain language of Ala. R. Civ. P. 36 and/or Fed. R. Civ. P. 36, these requests for admission are deemed admitted.  Additionally, Plaintiff Terrell has responded to Defendant Thor's interrogatory requesting information regarding his claimed damages by stating: "No response necessary.  This is a wrongful death case."  This statement by Plaintiff Terrell, standing alone, affords the Court with discretion to rely upon its "judicial experience and common sense" in determining that the jurisdictional amount has been established.  S*ee Roe*, 613 F.3d at 1061-62,

33.     Defendants have established by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000.00 jurisdictional requirement.

## Removal Perfected

34.     This Notice of Removal is timely filed as it is being submitted within one year from the commencement of this action, and within 30 days of receipt of the Circuit Court of Marion County, Alabama's June 25, 2012, Order dismissing Plaintiffs' claims against Defendant Sanderson, who was the sole defendant who was a citizen of Alabama and upon whose presence state court jurisdiction was premised.

35.     A true and correct copy of this Notice of Removal is being served on counsel for Plaintiffs on this date pursuant to 28 U.S.C. § 1446(d).

36.     A true and correct copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Marion County, Alabama, on this date pursuant to 28 U.S.C. § 1446(d).

37.     As set forth above, the amount in controversy of this matter exceeds $75,000.00, exclusive of interest and costs.  Plaintiffs and Defendants are citizens of different states.  Plaintiffs are citizens of Alabama.  Defendant Generac is a citizen of Wisconsin.  Defendant Thor is a citizen of Delaware and Indiana.  Thus, complete diversity exists amongst all of the parties.  Accordingly, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as amended, the action is removed to this Court.

Done this 3rd day of July, 2012.

Respectfully submitted,


*/s/ Stephen L. Poer*
Stephen L. Poer (ASB-1225-R65S)
Kirk D. Smith  (ASB-6682-S76K)
Attorneys for Defendant Thor
   Motor Coach, Inc.


OF COUNSEL:
HASKELL SLAUGHTER YOUNG & REDIKER, LLC
2001 Park Place Tower, Suite 1400
Birmingham, AL  35203
Phone: (205) 251-1000
Fax: (205) 324-1133
slp@hsy.com
kds@hsy.com


OF COUNSEL:
Jerry W. Jackson
Jackson, Mays, McNutt, Cook & Slatton, LLC
Post Office Box 819
Haleyville, AL 35565-0819
Telephone: (205) 486-3618
Fax: (205) 486-3633
jwjackson@centurytel.net

*/s/ Clark A. Cooper*
Theresa G. Minor
Clark A. Cooper
Adam K. Israel
Attorneys for Defendant Generac Power
  Systems, Inc.

OF COUNSEL:
Balch & Bingham LLP
1710 6th Avenue North
Birmingham, AL  35203
Telephone:  (205)251-8100
Fax: (205) 226-8798
tminor@balch.com
ccooper@balch.com
aisrael@balch.com

OF COUNSEL
Jeffrey A. Mobley
Lowe Mobley Lowe & LeDuke
P.O. Box 576
Haleyville, AL  35565-0576
Telephone: (205) 486-5296
jeff@lowemobleylowe.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served by electronic filing via the CM/EF system or by U.S. First Class Mail, postage prepaid and properly addressed on the following on July 3, 2012:

Stephen D. Heninger                    (via CM/ECF)
Heninger Garrison Davis, LLC
P.O. Box 11310
Birmingham, AL  35202
steve@hgdlawfirm.com

Jeffrey L. Bowling                    (via CM/ECF)
Bedford, Rogers & Bowling, P.C.
P.O. Box 669
Russellville, AL  35635
jeffbrbpc@bellsouth.net

Sheila Bozeman                    (via U.S. First Class Mail, w/o Ex. B & C)
Circuit Court Clerk
Marion County, Alabama
132 South Military Street
Hamilton, AL  35570

*/s/ Stephen L. Poer*
Of Counsel